## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

CIVIL ACTION NO:

| | |
|---|---|
| U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI <br><br> **Plaintiff** <br><br> vs. <br><br><br> Michael S. Tuttle and Tamara Lea Tuttle <br><br><br> **Defendants** <br><br> JPMorgan Chase Bank, NA <br> Bank of America, NA <br> KAMCO Supply Corp. of Boston <br> Maine Department of Health and Human Services, Division of Support and Enforcement and Recovery <br><br> **Parties-In-Interest** | **COMPLAINT** <br><br><br><br> RE: <br> 15 Ocean Avenue, Cape Elizabeth, ME 04107 <br><br> Mortgage: <br> May 25, 2006 <br> Book 24016, Page 89 |

NOW COMES the Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in

controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLN1, in which the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, are the obligor and the total amount owed under the terms of the Note is One Million Twenty Three Thousand Three Hundred Twenty Eight and 20/100 ($1,023,328.20) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLN1 is a corporation organized under the laws of the State of Minnesota, with its principal place of business located at 20 Livingston Avenue, St. Paul, MN 55101.

5. The Defendant, Tamara Lea Tuttle, is a resident of Cape Elizabeth, County of Cumberland and State of Maine.

6. The Defendant, Michael S. Tuttle, is a resident of Cape Elizabeth, County of Cumberland and State of Maine.

7. The Party-in-Interest, JPMorgan Chase Bank, NA, is located at 1111 Polaris Parkway, Columbus, OH 43240.

8. The Party-in-Interest, Bank of America, NA, is located at 100 North Tryon Street, Charlotte, NC 28255.

9. The Party-in-Interest, KAMCO Supply Corp. of Boston, is located at 181 New Boston Street, Woburn, MA 01801.

10. The Party-in-Interest, Maine Department of Health and Human Services, Division of Support and Enforcement and Recovery, is located at 221 State Street, Augusta, ME 04333.

## FACTS

11. On May 25, 2006, by virtue of a Warranty Deed from Michael S. Tuttle, which is recorded in the Cumberland County Registry of Deeds in **Book 24016, Page 88**, the property situated at 15 Ocean Avenue, County of Cumberland, and State of Maine, was conveyed to the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

12. On May 25, 2006, the Defendant, Michael S. Tuttle, executed and delivered to Mortgage Lenders Network USA, Inc. a certain Note in the amount of $760,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

13. On March 19, 2019, the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit C (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit C.

15. The Defendants, Michael S. Tuttle and Tamara Lea Tuttle, failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, is the lawful holder and owner of the Note.

18. JPMorgan Chase Bank, NA is a Party-in-Interest pursuant to a Mortgage in the amount of $94,000.00 dated October 23, 2006, and recorded in the Cumberland County Registry of Deeds in **Book 24539, Page 48** and is in second position behind Plaintiff's mortgage.

19. Bank of America, NA is a Party-in-Interest pursuant to a Mortgage in the amount of $246,000.00 dated May 17, 2007, and recorded in the Cumberland County Registry of Deeds in **Book 25150, Page 326** and is in third position behind Plaintiff's mortgage.

20. KAMCO Supply Corp. of Boston is a Party-in-Interest pursuant to a Writ of Execution in the amount of $7,236.62 dated July 14, 2014, and recorded in the Cumberland County Registry of Deeds in **Book 31642, Page 122** and is in fourth position behind Plaintiff's mortgage.

21. Maine Department of Health and Human Services, Division of Support and Enforcement and Recovery is a Party-in-Interest pursuant to a Notice of State Lien in the amount of $9,501.92 dated September 9, 2015, and recorded in the Cumberland County Registry of Deeds in **Book 32598, Page 37** and is in fifth position behind Plaintiff's mortgage.

22. The total debt owed under the Note as of May 17, 2019, is One Million Twenty Three Thousand Three Hundred Twenty Eight and 20/100 ($1,023,328.20) Dollars, which includes Unpaid Principal Balance in the amount of Seven Hundred Thirty Six Thousand Six Hundred Thirty and 89/100 ($736,630.89) Dollars; Accrued Interest in the amount of One Hundred Ninety Seven Thousand Nine Hundred Thirty Nine and 48/100 ($197,939.48) Dollars; Escrow Advance in the amount of Eighty One Thousand Five Hundred and 48/100 ($81,500.48); Deferred Late Fees in the amount of Three Hundred Fourteen and 32/100 ($314.32) Dollars; Corporate Advance in the amount of Six Thousand Nine Hundred Forty Three and 03/100 ($6,943.03) Dollars.

23. Upon information and belief, the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, are presently in possession of the subject property originally secured by the Note.

24. The Defendants are not in the Military. *See* Exhibit D (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

## COUNT I – BREACH OF NOTE

25. The Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. On May 25, 2006, the Defendant, Michael S. Tuttle, executed and delivered to Mortgage Lenders Network USA, Inc. a certain Note in the amount of $760,000.00. *See* Exhibit B.

27. The Defendant, Michael S. Tuttle, is in default for failure to properly tender the April 1, 2013 payment and all subsequent payments. *See* Exhibit C.

28. The Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Michael S. Tuttle.

29. The Defendant, Michael S. Tuttle, having failed to comply with the terms of the Note, is in breach of the Note.

30. The Defendant, Tamara Lea Tuttle, did not personally sign the Note and, therefore, has no personal liability for breach of the Note.

31. The Defendant, Michael S. Tuttle's, breach is knowing, willful, and continuing.

32. The Defendant, Michael S. Tuttle's, breach has caused Plaintiff U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

33. The total debt owed under the Note as of May 17, 2019, is One Million Twenty Three Thousand Three Hundred Twenty Eight and 20/100 ($1,023,328.20) Dollars, which includes Unpaid Principal Balance in the amount of Seven Hundred Thirty Six Thousand Six Hundred Thirty and 89/100 ($736,630.89) Dollars; Accrued Interest in the amount of One Hundred Ninety Seven Thousand Nine Hundred Thirty Nine and 48/100 ($197,939.48) Dollars; Escrow Advance in the amount of Eighty One Thousand Five Hundred and 48/100 ($81,500.48); Deferred Late Fees in the amount of Three Hundred Fourteen and 32/100 ($314.32) Dollars; Corporate Advance in the amount of Six Thousand Nine Hundred Forty Three and 03/100 ($6,943.03) Dollars.

34. Injustice can only be avoided by awarding damages against Michael S. Tuttle for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT II – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

35. The Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. By executing, under seal, and delivering the Note, the Defendant, Michael S. Tuttle, entered into a written contract with Mortgage Lenders Network USA, Inc. who agreed to loan the amount of $760,000.00 to the Defendant. *See* Exhibit B.

37. The Defendant, Tamara Lea Tuttle, acquiesced to the aforesaid contract, received the benefit of the aforesaid contract and is, therefore, liable to the Plaintiff under said contract.

38. The Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of

the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, is the proper holder of the Note and successor-in-interest to Mortgage Lenders Network USA, Inc., and has performed its obligations under the Note.

39. The Defendants, Michael S. Tuttle and Tamara Lea Tuttle, breached the terms of the contract by failing to properly tender the April 1, 2013 payment and all subsequent payments. *See* Exhibit C.

40. The Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the contract due to its breach by the Defendants, Michael S. Tuttle and Tamara Lea Tuttle.

41. The Defendants, Michael S. Tuttle and Tamara Lea Tuttle, having failed to comply with the terms of the contract, are in breach of contract.

42. The Defendants, Michael S. Tuttle and Tamara Lea Tuttle, are indebted to U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI in the sum of One Million Twenty Three Thousand Three Hundred Twenty Eight and 20/100 ($1,023,328.20) Dollars, for money lent by the Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, to the Defendants.

43. Defendants Michael S. Tuttle and Tamara Lea Tuttle's breach is knowing, willful, and continuing.

44. Defendants Michael S. Tuttle and Tamara Lea Tuttle's breach has caused Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

45. The total debt owed under the Note as of May 17, 2019, is One Million Twenty Three Thousand Three Hundred Twenty Eight and 20/100 ($1,023,328.20) Dollars, which includes Unpaid Principal Balance in the amount of Seven Hundred Thirty Six Thousand Six Hundred Thirty and 89/100 ($736,630.89) Dollars; Accrued Interest in the amount of One Hundred Ninety Seven Thousand Nine Hundred Thirty Nine and 48/100 ($197,939.48) Dollars; Escrow Advance in the amount of Eighty One Thousand Five Hundred and 48/100 ($81,500.48); Deferred Late Fees in the amount of Three Hundred Fourteen and 32/100 ($314.32) Dollars; Corporate Advance in the amount of Six Thousand Nine Hundred Forty Three and 03/100 ($6,943.03) Dollars.

46. Injustice can only be avoided by awarding damages for the total amount owed under the Note, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT III – QUANTUM MERUIT

47. The Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48. Mortgage Lenders Network USA, Inc., predecessor-in-interest to U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, loaned Defendants, Michael S. Tuttle and Tamara Lea Tuttle, $760,000.00.  *See* Exhibit B.

49. The Defendants, Michael S. Tuttle and Tamara Lea Tuttle, are in default for failure to properly tender the April 1, 2013 payment and all subsequent payments.  *See* Exhibit C.

50. As a result of the Defendants' failure to perform under the terms of their obligation, the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, should be required to compensate the Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI.

51. As such, the Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, is entitled to relief under the doctrine of *quantum meruit*.

52. The total debt owed under the Note as of May 17, 2019, is One Million Twenty Three Thousand Three Hundred Twenty Eight and 20/100 ($1,023,328.20) Dollars, which includes Unpaid Principal Balance in the amount of Seven Hundred Thirty Six Thousand Six Hundred Thirty and 89/100 ($736,630.89) Dollars; Accrued Interest in the amount of One Hundred Ninety Seven Thousand Nine Hundred Thirty Nine and 48/100 ($197,939.48) Dollars; Escrow Advance in the amount of Eighty One Thousand Five Hundred and 48/100 ($81,500.48); Deferred Late Fees in the amount of Three Hundred Fourteen and

32/100 ($314.32) Dollars; Corporate Advance in the amount of Six Thousand Nine Hundred Forty Three and 03/100 ($6,943.03) Dollars.

## COUNT IV – UNJUST ENRICHMENT

53. The Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, repeats and re-alleges paragraphs 1 through 52 as if fully set forth herein.

54. Mortgage Lenders Network USA, Inc., predecessor-in-interest to U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, loaned the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, $760,000.00.  *See* Exhibit B.

55. The Defendants, Michael S. Tuttle and Tamara Lea Tuttle, have failed to repay the loan obligation.

56. As a result, the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI as successor-in-interest to Mortgage Lenders Network USA, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

57. As such, the Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, is entitled to relief.

58. The total debt owed under the Note as of May 17, 2019, is One Million Twenty Three Thousand Three Hundred Twenty Eight and 20/100 ($1,023,328.20) Dollars, which includes Unpaid Principal Balance in the amount of Seven Hundred Thirty Six Thousand Six Hundred Thirty and 89/100 ($736,630.89) Dollars; Accrued Interest in the amount of One Hundred Ninety Seven Thousand Nine Hundred Thirty Nine and 48/100 ($197,939.48) Dollars; Escrow Advance in the amount of Eighty One Thousand Five Hundred and 48/100 ($81,500.48); Deferred Late Fees in the amount of Three Hundred Fourteen and 32/100 ($314.32) Dollars; Corporate Advance in the amount of Six Thousand Nine Hundred Forty Three and 03/100 ($6,943.03) Dollars.

## COUNT V – EQUITABLE MORTGAGE

59. **The Plaintiff** U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. The intent of the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, and original lender Mortgage Lenders Network USA, Inc., on May 25, 2006, was to create a mortgage on the property, commonly known as and numbered as 15 Ocean Avenue, Cape Elizabeth, ME 04107.

61. This intent is shown by the execution of a Promissory Note dated May 25, 2006, to Mortgage Lenders Network USA, Inc. in the amount of $760,000.00.

62. The value given at the time of the transaction was $760,000.00 which was significantly below the property's value at that time, clearly indicating that it was the intent of the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, and Mortgage Lenders Network USA, Inc. on the date of the transaction, May 25, 2006, that a mortgage be granted on the subject property.

63. The aforesaid Promissory Note, specifically references 15 Ocean Avenue, Cape Elizabeth, ME 04107, as the "Property Address."

64. In addition to the aforesaid Promissory Note, Defendants, Michael S. Tuttle and Tamara Lea Tuttle, also executed a Mortgage on May 25, 2006, which particularly referenced exactly the same property address of 15 Ocean Avenue, Cape Elizabeth, ME 04107, which was referenced on the aforesaid Promissory Note.

65. The aforesaid Mortgage is arguably unenforceable under current Maine Law pursuant to the *Greenlead* decision, et al. *See, Bank of America, N.A. v. Greenleaf,* 2014 ME 89, 96A.3d 700 (Me. 2014); *Federal National Mortgage Association v. Deschaine*, 2017 ME 190, 170 A.3d 230 (Me. 2017); *Pushard v. Bank of America, N.A.*, 175 A.3d 103, 2017 ME 230 (Me. 2017).

66. This defect is not related to the original execution of the documents, nor the intent of the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, and Mortgage Lenders Network USA, Inc., but is due to the chain of title for the aforesaid mortgage under *Greenleaf* and 33 M.R.S. § 508.

67. The agreement, as memorialized in the various documents referenced herein constitutes an equitable mortgage.

68. For justice to be served, and under the facts and circumstances of this matter, the Court should, and must, impose an equitable mortgage upon the property.

69. The Court's imposition of an equitable mortgage should be under, and pursuant to the statutory terms of applicable Maine Law, including, but not limited to, the rights of redemption, etc. *See, Seaman v. Seaman,* 477 A.2d 734 (Me. 1984).

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders

of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, prays this Honorable Court:

a) Find that the Defendant, Michael S. Tuttle, is in breach of the Note by failing to make payment due as of April 1, 2013, and all subsequent payments;

b) Find that the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, entered into a contract for a sum certain in exchange for a loan;

c) Find that the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, are in breach of contract by failing to comply with the terms and conditions of the contract by failing to make the payment due April 1, 2013 and all subsequent payments;

d) Find that the Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, is entitled to enforce the terms and conditions of the Note;

e) Find that by virtue of the money retained by the Defendants, Michael S. Tuttle and Tamara Lea Tuttle have been unjustly enriched at the Plaintiff's expense;

f) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, to restitution;

g) Find that the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, are liable to the Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the

MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, for money had and received;

h) Find that the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, are liable to the Plaintiff for quantum meruit;

i) Find that the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, have appreciated and retained the benefit of the Note and the subject property;

j) Find that it would be inequitable for the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, to continue to appreciate and retain the benefit of the subject property without recompensing the appropriate value;

k) Find that the Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, is entitled to restitution for this benefit from the Defendants, Michael S. Tuttle and Tamara Lea Tuttle;

l) Determine the amount due on said Note, including principal, interest, reasonable attorney's fees and court costs;

m) Additionally, issue a money judgment against the Defendants, Michael S. Tuttle and Tamara Lea Tuttle, and in favor of the Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, in the amount of One Million Twenty Three Thousand Three Hundred Twenty Eight and 20/100 ($1,023,328.20) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

n) Impose and enforce an equitable mortgage upon the property commonly known as and numbered as 15 Ocean Avenue, Cape Elizabeth, ME for the benefit of the Plaintiff;

o) For such other and further relief as this Honorable Court deems just and equitable.

            Respectfully Submitted,
            U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI,
            By its attorneys,

Dated: June 19, 2019

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John Doonan, Esq. (BBO# 3250)
Reneau J. Longoria, Esq. (BBO# 5746)
Doonan, Graves & Longoria, LLC
100 Cummings Center
Suite 225D
Beverly, MA 01915
(978) 921-2670