UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI<br><br>Plaintiff<br><br>vs.<br><br>Michael S. Tuttle and Tamara Lea Tuttle<br><br><br><br>Defendants<br>JPMorgan Chase Bank, NA<br>Bank of America, NA<br>KAMCO Supply Corp. of Boston<br>Maine Department of Health and Human Services, Division of Support and Enforcement and Recovery<br><br>Parties-In-Interest | CIVIL ACTION NO: 2:19-cv-00280-JAW<br><br><br><br><br><br>OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT V OF PLAINTIFF'S COMPLAINT<br><br>RE:<br>15 Ocean Avenue, Cape Elizabeth, ME 04107<br><br>Mortgage:<br>May 25, 2006<br>Book 24016, Page 89 |

   NOW COMES the Plaintiff in this matter, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLNI, and hereby OPPOSES Defendant, Michael S. Tuttle's ("Defendant") Motion to Dismiss Count V (Equitable Mortgage) of Plaintiff's Complaint.  As further stated herein, Plaintiff should not be precluded from proceeding with this Count at this time.  Additionally, Defendant fails to raise any supporting precedent to support his Motion to Dismiss.  Plaintiff has agreed to a dismissal without prejudice of Counts II (Breach of Contract, Money Had and Received), III (Quantum

Meruit), and IV (Unjust Enrichment) without prejudice and with a tolling of their statute of limitations. Further, Plaintiff is distributing an Amended Complaint for feedback from the other parties, in which it proposes to remove Tamara Lea Tuttle as a Defendant. Plaintiff proposes to file said Amended Complaint within ten (10) days once its counsel completes the five (5) hearings scheduled for this week.

I. Standard

Under applicable law, a motion under Rue 12(b)(6) "tests the legal sufficiency of the Complaint and, on such a challenge, the material allegations of the Complaint, must be taken as admitted." Shaw v. S. Aroostook Comm. Sch. Dist., 683 A.2d 502, 503 (Me. 1996). Further, the Court should examine "the Complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleged facts that would entitle the plaintiff to relief pursuant to some legal theory." Id. See also, Trans-Spec Truck v. Caterpillar, 524 F.3d 315 (1st Cir. 2008) and, Foley v. Wells Fargo, 772 F.3d (1st Cir. 2014).

Similarly, a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but the "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corp. v. Twombly 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). A "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id.

II. Argument

It is well settled (although not completely determinative in this matter) that Maine is a mortgage title state. Jordan v. Cheney, 74 ME 359, 361 (1883), 1883 WL 3343. Moreover, the concept of equitable mortgage is well founded in Maine as an alternative to a legal mortgage. See, Hawes v. Williams, 43 A. 101 (Me. 1899). In relation to an equitable mortgage, it is the intent of the

parties at the inception of the transaction that is controlling.  See, Sposedo v. Merriman, 90 A. 387, 392 (Me. 1914) and, Seaman v. Seaman, 477 A.2d 734, 736 (Me. 1984).  This is especially true in an instance such as this where the relationship is long term (since 2006) Norton v. Berry, 115 A. 287, 289 (Me. 1921).  This concept is a broad one encompassing "Any written evidence of conveyance" or even oral testimony.  Braddock v. McBurnie, 122 A.2d 319, 320 (Me. 1956).

Lastly, the Law Court of Maine has recently left this issue open for further interpretation.  See, Federal National Mortgage Assoc v. Deschaine, 170 A.3d 230, FN4 (Me. 2017).

### III. Conclusion

Defendant is asking this Court to consider whether Plaintiff can ultimately recover on the alternate theory of recovery raised in Plaintiff's Complaint.  The question of whether Plaintiff can ultimately recover under the theory of equitable mortgage is premature.  Pointedly, "a court may grant dismissal of a claim only if it appears beyond reasonable doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  GMAC Commercial Mortg. Co., 84 F.Supp. 2d at 135 (quoting Swartz v. Schering-Plough Corp, 53 F.Supp. 2d 95, 98 (D. MA. 1999)).  Since it is conceivable that relief could be granted on this ground, Defendant's Rule 12(b)(6) Motion should be denied.

DATED:  September 30, 2019

/s/John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

# CERTIFICATE OF SERVICE

I, John A. Doonan, Esq., hereby certify that on this 30th day of September, 2019, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

John D. Clifford, Esq.
CLIFFORD & GOLDEN, P.A.
P.O. Box 368
Lisbon Falls, ME 04252

Aaron P. Burns, Esq.
Two Monument Square, Suite 901
P.O. Box 108
Portland, ME 04112

Bank of America, N.A.
c/o Shectman Halperin & Savage, LLP
1080 Main Street
Pawtucket, RI 02860

KAMCO Supply Corp. of Boston
C/o Agent: Lauren Turner
344 Riverside Street
Portland, ME 04103

JPMorgan Chase Bank, N.A.
1111 Polaris Parkway
Columbus, OH 43240

Maine Department of Health and Human Services, Division of Support Enforcement and Recovery
19 Union Street
Augusta, ME 04330